**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Manuel Diaz,<br><br>    Petitioner,<br><br>vs.<br><br>United States of America,<br><br>    Respondent. | CASE NO.  CV-05-0760-TUC-FRZ<br>             CR-02-1956-TUC-FRZ<br><br>**ORDER** |

Petitioner filed a "Motion under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, in relevant part, that

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

28 U.S.C. foll. § 2255.

Petitioner was sentenced on April 30, 2004, and the judgment of conviction was entered on May 21, 2004.  He did not appeal his conviction.[1]  Therefore, his judgment of

---

[1] In his plea agreement, Petitioner waived, among other things, "(1) any right to appeal the Court's entry of judgment against [him]; (2) any right to appeal the imposition of sentence upon [him] under [18 U.S.C. § 3742]; and (3) any right to collaterally attack [his] conviction and sentence under [28 U.S.C. § 2255], or any other collateral attack."

conviction became final ten days later. *See* Fed. R. App. P. 4(b); *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).

Section 2255, 28 U.S.C., requires that Petitioner file a § 2255 motion within one year from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner mailed his § 2255 Motion, at the earliest, on November 14, 2005, more than a year after the judgment of conviction became final. *See* 28 U.S.C. § 2255(1). And Petitioner does not argue that § 2255(2), (3), or (4), are applicable. Therefore, Petitioner's § 2255 Motion is time barred.

In light of the foregoing,

**IT IS ORDERED** that Petitioner's "Motion under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (U.S.D.C. document #49 in CR-02-1956-TUC-FRZ) is **DENIED** and this case (CV-05-760-TUC-FRZ) is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL SERVE** a copy of the Motion and this Order on Respondent and **SHALL SERVE** a copy of this Order on Petitioner.

DATED this 5th day of January, 2006.

FRANK R. ZAPATA
United States District Judge